**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division**

|  |  |  |
|---|---|---|
| | * | |
| **CANDACE E. ALSTON,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: TDC-13-1230** |
| | * | |
| **EQUIFAX INFORMATION** | * | |
| **SERVICES, LLC.,** | * | |
| | * | |
| **Defendant.** | * | |
| | * | |
| | * | |
| | * | |
| | ****** | |

**<u>MEMORANDUM OPINION</u>**

Before this Court is Defendant Equifax Information Service LLC's Motion for Leave to

Supplement its Response to Plaintiff's Motion to Compel (ECF No. 96) (the "Motion").  The

Court has reviewed the Motion, related memoranda, and applicable law.  No opposition has been

filed thereto.  No hearing is deemed necessary.  *See* Local Rule 105.6 (D. Md.).  For the reasons

presented below, the Court **DENIES** the Motion.

I.      **Factual Background**

On April 25, 2013, Candace Alston ("Plaintiff") filed a complaint against Equifax

Information Services, LLC ("Defendant") alleging that Defendant erroneously reported a

mortgage delinquency and a closed credit-card.   Plaintiff argues that these reporting failures, and

a subsequent failure to communicate with Plaintiff, constituted violations of the Fair Credit

Reporting Act and the consumer protection laws of Maryland.  15 U.S.C. §1681 *et seq.*; Md.

Code Ann., Com. Law §14-1201 *et seq.*

On December 18, 2013, Plaintiff served interrogatories and document requests on

Defendant.  Defendant responded on June 10, 2014, and did not produce responsive documents.

Plaintiff propounded Document Request Number 5 for "the frozen data scans concerning

the Plaintiff [f]or the accounts from January 2010 to the present."  Pl.'s Reply to Def.'s Opp'n to

Mot. to Compel 26 (ECF No. 95).  Defendant replied, "Equifax objects to this Request on the

basis that this Request is overbroad, unduly burdensome, and seeks information that is neither

relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible

evidence."  *Id.*  Plaintiff also propounded Document Request Number 8 for:

> documents (i.e. spreadsheet, report, etc.) that indicate the amount of disputes you receive
> pertaining to tradelines of Wells Fargo and Discover. Be sure to include documents that
> contain information regarding the amount and/or percentage of disputes that result in
> deletions or modifications, contain information that compare the amount of disputes with
> the amount of disputes received from other creditors/furnishers, and categorize the
> disputes into separate types of disputes (i.e. ownership, amount, payment history,
> authorized user, etc.).

*Id.* at 30.  Defendant replied, "Equifax objects to this request on the basis that it is vague,

overbroad, unduly burdensome and seeks information which is neither relevant to any issue in

this case nor reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

Plaintiff sent a letter to Defendant on June 18, 2014, indicating that she believed

Defendant's responses to be inadequate.  The Court held a conference call with the parties on

July 29, 2014, in which it extended the discovery deadline to September 30, 2014.  The Court

subsequently requested that the parties attempt to resolve remaining discovery issues.

On October 24, 2014, Plaintiff brought a motion to compel, *inter alia*, the

aforementioned documents.  Motion to Compel Equifax to Answer and/or Supplement its

Responses to Plaintiff's Discovery Requests (the "Motion to Compel") (ECF No. 83-1).

Defendant filed its opposition to the Motion to Compel on January 16, 2015.  On March 3, 2015,

Defendant filed the present Motion seeking leave to supplement its opposition with an affidavit by counselor Margaret Leslie providing additional information regarding the costs and burdens associated with producing the documents sought.

## II.    Legal Background

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the . . . custody . . . of any [relevant] documents." Fed. R. Civ. P. 26(b)(1).  Relevant information is that which "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

The Federal Rules also provide that "[t]he party to whom [a discovery] request is directed must respond in writing within 30 days after being served." Fed. R. Civ. P. 34(b)(2)(A).  When a party objects to a discovery request, "conclusory assertions of burden or cost are insufficient." *Marens v. Carrabba's Italian Grill, Inc.*, 196 F.R.D. 35, 38 (D. Md. 2000).  Instead, a "party claiming that a discovery request is unduly burdensome must allege specific facts that indicate the nature and extent of the burden, usually by affidavits or other reliable evidence." *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 498 (D. Md. 2000).  This Court has also previously held that "[t]he failure to state with specificity the grounds for [a discovery] objection may result in waiver of the objection, unless the Court excuses the failure for good cause shown." *Lynn v. Monarch Recovery Mgmt.*, 285 F.R.D. 350, 365 (D. Md. 2012).

## III.   Discussion

### a.    *Defendant waived its defense that Document Request Number 5 is unduly burdensome.*

On December 18, 2013, Plaintiff requested frozen data scans.  Defendant responded on June 10, 2014 by stating that "Equifax objects to this Request on the basis that this Request is overbroad, unduly burdensome, and seeks information that is neither relevant to any issue in this

case nor reasonably calculated to lead to the discovery of admissible evidence." Pl.'s Reply to Def.'s Opp'n to Mot. to Compel 26. Defendant did not support its objection of undue burden with "specificity," and has not provided good cause why it objected using boilerplate language. *Lynn*, 285 F.R.D. at 365. As such, this objection is waived. *Id.*

Defendant now seeks to supplement its opposition to the Motion to Compel to include additional facts provided by counselor Margaret Leslie regarding the burden associated with providing frozen data scans. Defendant had ample opportunity to provide this information in the nearly six months between Plaintiff's initial discovery request and Defendant's reply to that discovery request. Defendant also had ample opportunity to include this information in its opposition to the Motion to Compel which it filed on January 16, 2015, more than a year after Plaintiff's initial discovery request. Because Defendant has waived its objection regarding undue burden, it cannot now provide information in support of this objection.

b. ***Defendant waived its defense that Document Request Number 8 is unduly burdensome.***

In response to Document Request Number 8, Defendant stated that "Equifax objects to this request on the basis that it is vague, overbroad, unduly burdensome and seeks information which is neither relevant to any issue in this case nor reasonably calculated to lead to the discovery of admissible evidence." Pl.'s Reply to Def.'s Opp'n to Mot. to Compel 30. Here, again, because Defendant failed to state with "specificity" why the request was burdensome and has not provided good cause for this failure, this objection is waived. *Lynn*, 285 F.R.D. at 365. As such, Defendant cannot now provide information in support of its contention that responding to Document Request Number 8 would subject it to an undue burden.

It should be noted that this holding does not constitute a granting of Plaintiff's Motion to Compel as to these two document requests.  Instead, this Court simply holds that Defendant, having waived its objection regarding undue burden, may not now supplement its opposition to the Motion to Compel to provide information in support said objection.

**Conclusion**

For the foregoing reasons, the Court **DENIES** the Motion.

April 17, 2015                                                    _____/s/_____
                                                                              Charles B. Day
                                                                              United States Magistrate Judge

CBD/sdh