IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **CANDACE E. ALSTON,** | * |
| **Plaintiff,** | * |
| v. | * Civil Action No.: TDC-13-1230 |
| **EQUIFAX INFORMATION SERVICES, LLC.,** | * |
| **Defendant.** | * |

******

## MEMORANDUM OPINION

Before this Court is Plaintiff's Motion to Compel Equifax to Answer and/or Supplement Its Responses to Plaintiff's Discovery Requests (ECF No. 83-1) ("Plaintiff's Motion") and the opposition thereto. The Court has reviewed the motion, related memoranda, and applicable law. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons presented below, the Court **DENIES** Plaintiff's Motion.

I.   **Factual Background**

On April 25, 2013, Candace Alston ("Plaintiff") filed a complaint against Equifax Information Services, LLC ("Defendant") alleging that Defendant erroneously reported a mortgage delinquency and a closed credit-card. Plaintiff argues that these reporting failures, and a subsequent failure to communicate with Plaintiff, constituted violations of the Fair Credit Reporting Act and consumer protection laws of Maryland. 15 U.S.C. §1681 *et seq.*; Md. Code Ann., Com. Law §14-1201 *et seq*.

This Court issued a letter order on November 26, 2013, requiring a moving party to contact chambers for a teleconference to discuss any motion in advance of filing it. ECF No. 41. On December 18, 2013, Plaintiff served interrogatories and document requests on Defendant. Defendant responded on June 10, 2014. Plaintiff sent a letter to Defendant on June 18, 2014, indicating that she believed Defendant's responses to be inadequate.

This Court held a teleconference with the parties on July 29, 2014, in which it reviewed Plaintiff's motion to amend the scheduling order and Defendant's request that Plaintiff agree to a protective order before Defendant provided certain documents. On that teleconference, this Court extended the discovery deadline to September 30, 2014, but did not review or rule on any possible motion to compel. The deadline for Plaintiff to submit a motion to compel with the permission of the Court was July 10, 2014. Plaintiff's Motion was filed on October 24, 2014.

## II.   Legal Background

Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the . . . custody . . . of any [relevant] documents." Fed. R. Civ. P. 26(b)(1). Relevant information is that which "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

This Court may limit a party's ability to bring a motion to compel, or any discovery motion, before obtaining permission of the Court. *See, e.g., Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 586 (D. Md. 2010) ("Until such time that counsel and the parties can demonstrate that they are approaching discovery in the proper manner, they are prohibited from filing any discovery motions without the advance permission of the Court").

### III.     Discussion and Conclusion

The parties in this case were under an obligation, set by Judge Grimm's November 26, 2013 Letter Order, that:

> [n]o motions (whether substantive or discovery) may be filed without prior approval of the Court. If either party seeks to file a motion, that party first shall confer with the other party to attempt to resolve any conflicts and then, if the party still finds that a motion is necessary, the party shall contact my chambers to request a conference call to discuss the request to file the motion.

ECF No. 41; *See Mezu*, 269 F.R.D. at 586.[1] Plaintiff failed to obtain approval of the Court before filing Plaintiff's Motion. Moreover, while the deadline for filing any motion to compel was July 10, 2014, Plaintiff filed Plaintiff's Motion on October 24, 2014, without providing any justification for the more than three month delay. Because Plaintiff failed to follow the conditions set by Judge Grimm's Letter Order and filed Plaintiff's Motion over three months after the deadline for such a filing, the Court **DENIES** Plaintiff's Motion.

April 29, 2015                                                         /s/
                                                              Charles B. Day
                                                              United States Magistrate Judge

CBD/sdh

---

[1] On November 14, 2014, Judge Chuang cited to and reaffirmed Judge Grimm's Letter Order, writing that "[n]o motions (whether substantive or discovery) may be filed without prior approval of the Court." ECF No. 87.